## MASKELINSKI *v.* WAZSINENSKI.

*(Superior Court of Buffalo, General Term.* October 26, 1892.)

1. SALE—SUBSEQUENT ACQUISITION OF TITLE.
   Where one agrees to sell a horse, which he does not then own, and receives part of the purchase price, intending thereafter to acquire title, his subsequently acquired title and possession inures to the benefit of the one to whom he has sold, and the contract then ceases to be executory.

2. SAME—WAIVER OF DEFENSES.
   The seller having, on acquiring title, refused to deliver, resting his refusal solely on the ground that he had sold too cheaply, thereby waived any other defense.

Appeal from municipal court.

Replevin by Leo Maskelinski against Joseph Wazsinenski. Judgment for defendant, and plaintiff appeals. Reversed.

Argued before TITUS, C. J., and HATCH and WHITE, JJ.

*Feldman & Schreiber,* for plaintiff.   *M. A. Gearon,* for defendant.

HATCH, J.   The action is replevin.   Upon the trial, plaintiff's complaint was dismissed, and the possession of the property awarded to defendant, and its value assessed.   It is not clear upon what theory the judgment proceeded, but it is probable that it was based upon the ground that no title to the property passed to plaintiff, as defendant was not at the time of sale the owner. The facts were that defendant applied to plaintiff to purchase a horse, which the former did not own, he intending thereafter to acquire title.   An agreement of sale was reached, and plaintiff paid part of the purchase price to bind the bargain.   Defendant immediately purchased the horse of the owner, but refused to deliver the same to plaintiff, resting his refusal solely upon the ground that he sold the horse too cheap.   It may be conceded that the contract of purchase was executory; and that no title to the horse in fact passed at that time; and, had the situation so remained, this action could not be maintained. But when the defendant obtained title to the horse a very different question arose.   His title to and possession of the property then inured to the benefit of the plaintiff.   The contract then ceased to be executory, and, as defendant had acquired the means of fulfillment, he could not thereafter be heard to say that he had no title when he sold.   Having become possessed of title, it immediately became vested in plaintiff in accordance with the terms of the sale. If, however, this should not be the accepted doctrine, the result can still be reached upon the doctrine of waiver.   At the time when plaintiff tendered the balance of the purchase price defendant had title to the horse.   He refused to deliver, not upon the ground that the contract of sale was executory, but upon the ground that he had sold too cheaply.   The latter ground simply involved a repudiation of the contract.   This position clearly could not avail him, and, as he insisted upon no other reason, he must be held to have elected so to stand, and waived any other defense he then had.   *Bradley* v. *Cole,* 6 Hun, 660.   His attitude was that there was a sale, but that he would not fulfill, unless paid more money.   As he cannot successfully stand upon this, he should not now be heard to allege any other.   The judgment should be reversed, with costs.   All concur.

---

## SMITH *v.* COLLEGE OF ST. FRANCIS XAVIER *et al.*

*(Superior Court of New York City, General Term.* July 5, 1892.)

STAY OF PROCEEDINGS—ANOTHER ACTION INVOLVING SAME QUESTION.
   A stay of proceedings will not be granted in an action in the superior court to await the determination of a prior action in the supreme court involving the same subject-matter, where the parties to the two actions are not identical, and the complaint in the supreme court case alleges additional matters, and the prayer asks for more than is sought in the superior court case.

Appeal from special term.

Action by Thomas C. Smith against the college of St. Francis Xavier and others. From an order denying the motion of defendant Mary Lavette for a stay of proceedings pending the determination of a similar action in the supreme court, said defendant appeals. Affirmed.

At special term, on the denial of the motion, GILDERSLEEVE, J., filed the following opinion: "I do not think this action and the one in the supreme court are identical. The papers before me do not disclose a state of facts that warrant the granting of a stay in this action preceding the determination of the supreme court action. It will not be denied that, where two suits are commenced in different courts, and the subject of the action and the parties are the same in each, the court which first acquires jurisdiction should dispose of the whole matter. *McCarthy* v. *Peake*, 18 How. Pr. 138. But the parties to these two actions are not the same, inasmuch as John Gorman, who appears as one of the defendants in the supreme court case, is not mentioned in the superior court suit. What his interest is, does not appear; but the fact remains that the parties to the two suits are not identical. It is true that the property involved is the same in both actions, but that is not a sufficient reason for granting the stay. *Stowell* v. *Chamberlain*, 60 N. Y. 272; *Dawley* v. *Brown*, 79 N. Y. 398–400. It is also true that all the relief demanded in the superior court case, which is the junior action, is demanded in the supreme court case, but the complaint in the latter case alleges additional matter, and the prayer asked for more than is sought in the superior court case. The same evidence would not support both actions, inasmuch as more evidence would be required in the supreme court case than would be necessary in the superior court case. See *Stowell* v. *Chamberlain, supra*. To sustain a plea of former action pending, which is governed by the same principle as a motion for a stay, (*Dawley* v. *Brown*, 79 N. Y. 400,) it is necessary that it appear that the first action is for the identical relief demanded in the second action, (*Dawley* v. *Brown, supra; Kelsey* v. *Ward*, 16 Abb. Pr. 102, 103, affirmed 38 N. Y. 83.) So closely has this rule been enforced that in the case of *Kelsey* v. *Ward, supra*, which is quoted with approval by the court of appeals in the case of *Dawley* v. *Brown, supra*, it was held that the pendency of actions for rent alleged to be payable quarterly was no defense to an action for the same rent under a claim that it was payable at the end of the year. Under the circumstances, the motion for stay is denied, without costs."

Argued before FREEDMAN and DUGRO, JJ.

*A. B. Johnson*, for appellant. *George Bliss*, for respondent.

PER CURIAM. The order should be affirmed, with $10 costs, etc., upon the opinion filed by the learned judge below.

---

### LAYTON *v.* BRADY.

*(City Court of New York, General Term.* May 31, 1892.)

EXCESSIVE DAMAGES—CONFLICTING EVIDENCE.

> A verdict for plaintiff, in an action for permanent injuries to a horse, will not be set aside, as excessive, where the evidence justifies such verdict, and the court fully and fairly charged on the question of damages.

Appeal from trial term.

Action for damages by Richardson C. Layton against Patrick Brady. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Affirmed.

This action was brought to recover damages for injuries sustained to a horse belonging to plaintiff on or about the 2d day of May, 1891, which resulted in its being killed, and for damages sustained to a truck to which plain-